Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2902 | **DATE** | 9/12/2002 |
| **CASE TITLE** | Anzaldua vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 1/28/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny the CTA's motion (Doc 5-1) to dismiss the second amended complaint. Defendant to answer said complaint by September 26, 2002. All discovery to be completed by January 28, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | SEP 13 2002 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEATRIZ A. ANZALDUA, )
)
Plaintiff, )
)
vs. ) 02 C 2902
)
CHICAGO TRANSIT AUTHORITY, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendant Chicago Transit Authority's ("CTA") motion to dismiss Plaintiff Beatriz A. Anzaldua's ("Anzaldua") second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff Anzaldua, a Caucasian woman, was hired by the City of Chicago at the Chicago Transit Authority ("CTA") and functioned as an administrative assistant for approximately 15 years. During her employment as an administrative assistant, Anzaldua's responsibilities included organizing paperwork, reporting, and scheduling documents for the work performed on the CTA property for the north side of Chicago.

On August 10, 2001, James Jenkins ("Jenkins"), a black male, conducted a meeting of the managers and coordinators of systems maintenance for the north side of Chicago. The attendees at

the meeting included Anzaldua and Eileen Wrightsell ("Wrightsell"), a black administrative assistant working for the CTA on the south-west side of the city. At the meeting, Jenkins announced that Anzaldua was reassigned to the southwest side of the city, which is predominately a black environment and far from the Anzaldua's home. Additionally, Jenkins relocated Wrightsell to the north side, where Anzaldua was positioned.

Anzaldua claims that except for management personnel, a support staff employee within the system has never been reassigned. Because Jenkins never provided a reason or justification for the switch, Anzaldua confronted Jenkins after the meeting and asked why she was reassigned to the southwest side of the city. According to Anzaldua, Jenkins told her that when his wife returned to work, she was transferred, without reason, to an uncomfortable location, and "what goes around comes around." Jenkins also allegedly stated: "See how you like it working with my people" and "if you don't like it, quit." Plaintiff Anzaldua claims she was constructively discharged on August 17, 2001 as a result of racial discrimination.

On November 7, 2001, Anzaldua filed charges of discrimination against the CTA in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). On January 22, 2002, Anzaldua received a right to sue letter from the EEOC. On April 22, 2002, within 90 days of receiving the right to sue letter from the EEOC, Anzaldua filed a complaint naming the City of Chicago, Department of Transportation ("Department of Transportation") as the Defendant. On June 5, 2002, Plaintiff filed a second amended complaint substituting the CTA for the Department of Transportation as the named Defendant. The CTA move to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint, not to decide the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, all well pleaded facts and allegations in the plaintiff's complaint must be taken as true and the court must construe the complaint's allegations in a light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would be entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 102 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we now address the motion before us.

## DISCUSSION

The CTA maintains that Anzaldua's second amended complaint should be dismissed because Anzaldua filed the second amended complaint substituting the CTA for the Department of Transportation as the named Defendant after the 90 day statute of limitations period imposed by the EEOC right to sue letter. Plaintiff admits that the second Amendment complaint was filed beyond the 90 day period, but argues that the claim relates back to the original complaint and is therefore not barred. Therefore, the issue before us is whether the second amended complaint relates back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c).

An amended complaint that changes the name of the defendant relates back to the original pleading if the three requirements provided by Rule 15(c) are satisfied. First, it is essential that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). Second, it is necessary that the added defendant named in the amendment "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." *Id.* at 15(c)(3)(A). Third, it is required that the newly named defendant "knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party." *Id.* at 15(c)(3)(B). The last two prerequisites must be satisfied within the 120-day time period provided in Federal Rule of Civil Procedure 4(m). *Id.* at 15(c)(3).

In this case, the first requirement is satisfied because the allegations contained in the amended complaint were the same as those in the original complaint and thus arise out of the same conduct or occurrence. On the issue of notice included in the second and third requirements of Rule 15(c), the CTA argues that it had not received formal or informal notice of the action within the ninety-day limitations period provided by the EEOC. Under the amended version of Rule 15(c)(3), which became effective on December 1, 1991, a defendant must receive notice in accordance with Rule 4(m) for service of the summons and complaint. FED. R. CIV. P. 15(c)(3). *See also Id.* advisory committee's note (stating that "[i]f the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification"). In accordance with these rules, we will address whether the CTA received notice of the allegations within 120 days from filing the original complaint. *See* FED. R. CIV. P. 4(m). Anzaldua maintains that the CTA received notice of this action through the charges filed

with the EEOC, which named the CTA as the agency that discriminated against her. The CTA contests this argument by relying on *Hale v. U.S. Postal Service*, 663 F. Supp. 7 (N.D. Ill. 1986) for the proposition that the EEOC proceedings do not qualify as actual notice of this action.

In *Hale*, the plaintiff filed charges of discrimination against the U.S. Postal Service in a timely manner; however, plaintiff failed to include the Postmaster General in the complaint within thirty days of receipt of notice of final action taken by the department. 663 F. Supp at 8. The defendant moved to dismiss the complaint. *Id.* In support of plaintiff's argument that the amended complaint, naming the Postmaster General, should relate back to the original filing, the plaintiff argued that the Postmaster General received notice of the suit because the Postal Service participated in the EEOC proceedings. *Id.* In that case, the court held that participation in EEOC proceedings does not equate to actual notice of the action. *Id.* (relying on *Cooper v. U.S. Postal Service*, 740 F.2d 714 (9th Cir. 1984)).

The facts in *Hale* are distinguishable from the case at bar. In this case, the proposed Defendant CTA was actually named in the EEOC charges, it did not merely participate in the EEOC proceedings. The cases *Maxey v. Thompson*, 680 F.2d 524 (7th Cir. 1982), *Daoust v. Edgewater Med. Ctr.*, 2001 WL 503038 (N.D. Ill. 2001), and *Momot v. Champion Technologies*, 2000 WL 528482 (N.D. Ill. 2000) which are cited by Anzaldua are more on point.

In *Maxey*, the plaintiff filed charges with the EEOC, which named only the Illinois Department of Revenue ("Department of Revenue"). 680 F.2d at 526. The plaintiff failed to name the Department of Revenue in the original complaint as a defendant and sought to add it in an amended complaint. *Id.* In analyzing whether the complaint related back pursuant to Fed. R. Civ. P. 15(c), the court noted that the Department of Revenue was "put on notice" by the charge filed with

the EEOC and thus it was sufficiently notified of the action and should have known that but for the plaintiff's mistake the action would have been brought against it. *Id.*

The CTA argues that the above cases relied on by Anzaldua are distinguishable from the instant case because in those cases the Defendant that was initially named had some sort of agency relationship with the Defendant that the plaintiffs eventually sought to add to their complaint. For instance in *Maxey* the director of the Department of Revenue, who had an agency relationship with the Department of Revenue, was the first named defendant. 680 F.2d at 526 Likewise, in *Daoust* the plaintiff first named as defendants employees of the Edgewater Medical Center ("Center"), who had an agency relationship with the Center, and later attempted to name the Center as a defendant. 2001 WL 503038 at *2-3. However, in *Maxey* the court did not specifically rely on an agency relationship in making its determination. 680 F.2d at 526. The court clearly states the Department of Revenue "was put on notice by the charge the plaintiff had filed with the EEOC . . . ." *Id.* In *Daoust* the court relied on the fact that there was an agency relationship in concluding that the Center had notice, but the court states that the Center also had notice because it was the only party named in the EEOC charge. 2001 WL 503038 at *2.

In the case at bar, the CTA was the only party named in the charges filed with EEOC and the right to sue letter. We think that fact plus that fact that Anzaldua was an employee of the CTA is sufficient to conclude that the CTA received proper notice within 120 days of the Plaintiff filing her original complaint and thus should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the CTA. *See also Daoust*, 2001 WL 503038 at *2 (holding that the defendant named in the EEOC charge had, at a minimum,

constructive notice of the lawsuit); *Momot*, 2000 WL 528482 at *3 (holding that the defendant named on the EEOC complaint received notice).

Finally, Rule 15(c) provides that the substituted defendant must "[have] received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on its merits." FED. R. CIV. P. 15(c)(3)(A); *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986). The CTA argues that it will be prejudiced because: 1) the evidence has grown stale, 2) the CTA missed a status appearance in this case because it was not notified, and 3) Anzaldua was allowed to amend her complaint without leave of the Court and the CTA was not present to object as it had not yet been served. Missing a status appearance in court and not being able to force Anzaldua to first seek leave to file her second amended complaint will not prejudice the CTA in pursuing its defense. In terms of stale evidence, the CTA should have been put on notice that it was a potential defendant when its employee named it in the EEOC charge and therefore, the CTA should have acquired the necessary evidence prior to Anzaldua's attempt to include it as a defendant in this case. Therefore, we find that the CTA will not be prejudiced in maintaining its defense. *See Momot*, 2000 WL 528482 at *3 (failing to find any prejudice from the delay in service because the defendant received notice of the allegations from EEOC charges).

The CTA argues that the amendment does not relate back to the original complaint because the "plaintiff did not merely wish to correct a misnomer or mistake regarding defendant's proper name, but rather lacked knowledge before the statute of limitations had run that the proposed new defendant was [the] proper defendant."

Rule 15(c)(3) does not permit an amendment substituting the proper defendant to relate back to the original complaint if the identity of the correct defendant was unknown at the time the original

complaint was filed. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Rule 15(c)(3) only applies where the plaintiff mistakenly names the wrong party. *Id.* In this case, it is clear that Plaintiff mistakenly named the wrong party and that the identity of the CTA was known at the time the original complaint was filed. Anzaldua was an employee of the CTA and the basis for this lawsuit is that Anzaldua was constructively discharged from her position because her employer allegedly discriminated against based on her race. Anzaldua filed charges of discrimination with the EEOC naming the CTA as the agency that discriminated against her. Moreover, within the original complaint, the Plaintiff designated the CTA as the Defendant and mistakenly believed that the CTA was part of the Department of Transportation. These facts support the conclusion that the identity of the CTA was known at the time Plaintiff filed the original complaint and that the Plaintiff's amended complaint was filed to correct a mistake concerning the name of the proper party.

Accordingly, we find that Anzaldua's amendment to substitute the CTA as the named defendant relates back to the original complaint. As a result of the foregoing, the court finds it unnecessary to address Anzaldua's argument concerning the equitable tolling of the filing deadline.

## CONCLUSION

For the reasons set forth above, we deny the CTA's motion to dismiss Anzaldua's second amended complaint.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: September 12, 2002