Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2902 | **DATE** | 1/14/2003 |
| **CASE TITLE** | Anzaldua vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion (Doc 20-1) for reconsideration.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 14 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 23 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 03 JAN 14 AM 8:21 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEATRIZ A. ANZALDUA,  )
)
Plaintiff,  )
)
vs.  ) 02 C 2902
)
CHICAGO TRANSIT AUTHORITY,  )
)
Defendant.  )

DOCKETED
JAN 1 4 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Plaintiff Beatriz A. Anzaldua's ("Anzaldua") motion for reconsideration. For the reasons set forth below we deny the motion for reconsideration.

## BACKGROUND

Plaintiff Anzaldua, a "white/Hispanic woman," worked for the CTA as an administrative assistant for approximately fifteen years. During her employment as an administrative assistant, Anzaldua's responsibilities included organizing paperwork, reporting, and scheduling documents for the work performed on the CTA property for the north side of Chicago. On August 10, 2001, James Jenkins ("Jenkins"), a black male, conducted a meeting of the managers and coordinators of systems maintenance

for the north side of Chicago. The attendees at the meeting included Anzaldua and Eileen Wrightsell ("Wrightsell"), a black administrative assistant working for the CTA on the south-west side of the city. At the meeting Jenkins announced that Anzaldua was reassigned to the Beverly office on the south-west side of the city, which Anzaldua claims is in a predominately black neighborhood and is not near her home. Additionally, Jenkins relocated Wrightsell to the north side to fill Anzaldua's vacant position.

Anzaldua claims that, except for management personnel, a support staff employee within the system has never been reassigned. After the meeting Anzaldua confronted Jenkins and asked why she was reassigned to the south-west side of the city. According to Anzaldua, Jenkins told her that when his wife returned to work she was transferred, without reason, to an uncomfortable location, and "what goes around comes around." Jenkins also allegedly stated: "See how you like it working with my people" and "if you don't like it, quit." Anzaldua claims she was discriminated against because of her race in violation of 42 U.S.C. § 2000e *et seq.* and was constructively discharged on August 17, 2001. We granted CTA's motion to dismiss on November 14, 2002. Anzaldua now asks us to reconsider our ruling.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Motions for reconsideration under Rule 59(e) are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court . . .." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Anzaldua acknowledges that she does not state a hostile work environment claim. She takes issue with our determination that she did not suffer a material adverse employment action. To proceed under the indirect method for proving discriminatory

-3-

intent a plaintiff needs to first establish a *prima facie* case of race discrimination. *Traylor v. Brown*, 295 F.3d 783, 787-88 (7th Cir. 2002). To establish a *prima facie* case of race discrimination a plaintiff must show: "(1) that she was a member of a protected class; (2) that she was performing her job satisfactorily; (3) that she experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Id.* at 788. An adverse employment action must be material and thus must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (quoting *Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir. 1996)). Also, simply because an employment action makes an employee unhappy, does not make the action an adverse employment action. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).

Anzaldua does not present any novel arguments to show that she suffered a material adverse employment action. Instead she implores the court to reconsider the same evidence and same arguments. Anzaldua continues to argue that the evidence shows that she subjectively was too frightened to work on the southwest side and refers to her "state of mind" several times. However, our prior opinion made it clear that the flaw in her complaint was not that it did not show her to be subjectively harmed. Rather the problem was that the complaint did not supply sufficient evidence to show that her fears were reasonable.

Anzaldua persists in asserting additional allegations concerning threats of violence and systematic harassment of all Hispanics which are not included within her amended complaint and which we declined to take into consideration for our prior ruling. Also, Anzaldua continues to argue that she was harmed because she had to work in what she called a "predominately black and presumably hostile environment." Although she states in her motion for reconsideration that this case "is not about a woman's quasi-racial fears," other portions of her motion for reconsideration indicate otherwise. She complains in her motion for reconsideration that she would have had to work with Jenkins' "people" and she made it clear in her response to the motion to dismiss that she thought "Jenkins' people" meant "black people." She asks in her motion for reconsideration for this court's sympathy because of "her expectations of the treatment she would receive at the 'Beverly Shop' which she was being transferred to." We indicated in our prior ruling that we would not entertain such an argument because it is based on the same type of racist stereotyping that Anzaldua herself complains of. We are a court of law and our purpose is to provide remedies for legally cognizable harms, not to hold the world accountable for Anzaldua's unreasonable subjective fears.

Anzaldua also disputes our ruling that she was not constructively discharged. In order to establish a constructive discharge an employee must show that "his working

conditions were so intolerable that a reasonable person would have been compelled to resign." *Simpson v. Borg-Warner Automotive, Inc.*, 196 F.3d 873, 877 (7th Cir. 1999) (quoting *Rabinovitz v. Pena*, 89 F.3d 482, 489 (7th Cir. 1996)). Anzaldua claims that the evidence shows that the alleged wrongful conduct "created in her a fear great enough that it forced her to resign rather than accept a transfer." It is not sufficient that Anzaldua subjectively felt as though she was forced to resign. Anzaldua may have actually been suffering because she was going to have to work in what she thought was a "predominantly black and presumably hostile environment," but unless a reasonable person would suffer similarly, it is not sufficient for the purposes of a constructive discharge.

Anzaldua also complains that this court was not justified in creating a *per se* rule that an increase in an employee's commute to work resulting from a transfer is never evidence that the transfer is a material adverse employment action. We never stated in our prior ruling that we were creating a *per se* rule. Each case is to be evaluated individually in accordance with its own unique set of facts. An adverse employment action must be material and thus must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Traylor*, 295 F.3d at 788 (quoting *Rabinovitz v. Pena*, 89 F.3d 482, 488 (7th Cir. 1996)). In this case we found the increase in

Anzaldua's commute to be an inconvenience and not to be sufficient to render her transfer a material adverse employment action.

Anzaldua also makes an impassioned plea that we consider the dire consequences that our ruling will have on employees in the future. She argues that our ruling provides an open avenue for employers to discriminate at will with impunity because they can simply transfer an employee that they are biased against far away from the employee's home and make his or her commute unfathomable. This argument is without merit. We did not create a *per se* rule barring the consideration of increased commute time or distance and we did not define any bright line regarding when increased commute time or distance creates a material adverse employment action. Anzaldua is preoccupied in her motion for reconsideration with potential future employee plaintiffs and with the possibility that an increase in their commute time or distance might be an undue hardship. We are here to rule on the case before us and not to decide controversies that are not ripe and claims that have not yet arisen. Also, Anzaldua is in essence arguing for a *per se* rule that an increased commute time or distance always is evidence of a material adverse employment action.

Anzaldua also cites *Bernstein v. Board of Educ. of School Dist. 200*, 191 F.3d 455 (7th Cir. 1999), for the proposition that there is no exclusive list of material adverse employment actions and that the factual background in each case should be

taken into consideration. We have taken the factual background in this case into consideration in making our determination. Also, we note that *Bernstein*, which Anzaldua cites in her motion for reconsideration is an unpublished decision and, pursuant to Local Circuit Rule 53 of the Seventh Circuit, should not be cited or used as precedent in any federal court in the Circuit except where there is a claim of res judicata or collateral estoppel. Anzaldua's citation of this case and the failure to provide an explanation in a parenthetical or otherwise indicate that it is an unpublished opinion is, to say the least, somewhat misleading.

Finally, Anzaldua argues that, since she presented materials not included in the pleadings in her response in opposition to the motion to dismiss, the proper course was to convert the motion to dismiss into a motion for summary judgment and consider the new materials. If a district court considers matters outside the pleadings for a motion to dismiss, then it must treat the motion to dismiss as a motion for summary judgment. *See Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996) (stating that if district court considers materials not included in the pleadings then it must convert the motion to dismiss into a motion for summary judgment and give the plaintiff an opportunity to respond the materials presented by the defendant). However, in this case we expressly refused to consider the additional allegations included in Anzaldua's

response in opposition to the motion to dismiss, and thus we did not consider materials outside the pleadings.

Also, Anzaldua never indicated that the motion to dismiss should be converted into a summary judgment motion in her brief in opposition to the motion to dismiss although she knew that she was introducing materials not included in the pleadings. Only now when she has been defeated on the motion to dismiss does she seek to have the motion to dismiss converted into a summary judgment motion. *See Moro,* 91 F.3d at 876(stating that a motion for reconsideration is not an opportunity to present new arguments "that could and should have been presented to the district court prior to the judgment.").

Anzaldua makes several incongruous arguments concerning the conversion to a motion for summary judgment. Inexplicably Anzaldua first complains because we did not convert the motion to dismiss into a motion for summary judgment and then complains because we did not give her notice of the conversion so that she could present additional evidence to support her new allegations. She claims that she was not given notice of the conversion and "has not had the opportunity to marshal evidence . . . that would prove the extent of the disruption of the transfer." This argument is flawed first because it was Anzaldua that presented the materials outside the pleadings, not CTA, and thus she cannot claim she was somehow caught off guard and was not

given an opportunity to respond to the new materials. Secondly, there was no conversion.

Also, Anzaldua argues on one hand in her motion for reconsideration that the proper course for this court was to consider the new materials not included in the pleadings and to convert the motion to dismiss into a motion for summary judgment. She then indicates in her motion for reconsideration that the conversion was a discretionary matter on our part and states: "If the court does wish to convert [the motion to dismiss] into a motion for summary judgment, Plaintiff respectfully argues that it must be given sufficient opportunity to gather appropriate evidence to face the motion." We declined to consider the materials outside the pleadings and thus we declined to convert the motion to dismiss into a motion for summary judgment. Therefore, we had no obligation to provide Anzaldua with any sort of notice or an opportunity to respond. The situation before us is not a proper instance for a motion to dismiss to be converted into a motion for summary judgment. *See e.g. Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (holding that plaintiff was not entitled to have motion to dismiss converted into a motion for summary judgment when it was plaintiff and not defendant that introduced the new materials outside the pleadings); *Alioto*, 77 F.3d at 936 (stating that if district court considers materials not included in the pleadings then it must convert to a motion for

summary judgment and provide the plaintiff with notice of the conversion and an opportunity to respond); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (stating that if court considers additional evidence defendant included with motion to dismiss then plaintiff should be allowed to respond with additional evidence and motion should be converted into motion for summary judgment).

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 1 4 2003